IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY BROWN,** } | |
| } | |
| **Plaintiff** } | |
| **v.** } | |
| } | Case No.: 2:17-cv-01671-RDP |
| **RAMADA BIRMINGHAM AIRPORT,** } | |
| **a/k/a BRITNEY CHAU LLC,** } | |
| } | |
| **Defendant** } | |

## MEMORANDUM OPINION

This case is before the court on the Motion for Default Final Judgment and Request for a Hearing to Determine Damages. (Doc. # 12). For the reasons outlined below, the court finds that the Motion (Doc. # 12) is due to be granted in part.

### I.  BACKGROUND[1]

Defendant Ramada Birmingham Airport, also known as Britney Chau LLC, ("Defendant" or "Ramada Birmingham") hired Plaintiff Larry Brown ("Plaintiff" or "Brown"), an African-American male, as a driver in November 2014. (Doc. # 1 at ¶¶ 4, 7). Tom Chau ("Chau"), owner of Ramada Birmingham, "engaged in a pattern and/or practice of discriminating against African-American employees in the terms and conditions of employment." (*Id.* at ¶ 11). On July 3, 2015, Chau ordered Brown to move three vehicles from the property which had been parked for thirty days. (*Id.* at ¶ 8). Chau had previously asked the other African-American

---

[1] Upon default, the defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because Defendant failed to plead, answer, or otherwise respond to the complaint, default was entered by the Clerk of the Court on January 22, 2018. (Doc. # 9). Where, as here, Defendant has failed to appear, acknowledge, or otherwise defend the pendency of this lawsuit for over six months, entry of a default judgment is appropriate, and the court accepts the facts pled in Plaintiff's complaint as true.

driver employed by Defendant to move the vehicles, but he had refused to do so. (*Id.* at ¶ 10). However, Chau did not ask the Caucasian driver employed by Defendant to move the vehicles. (*Id.*). Brown was subsequently arrested for grand theft auto. (*Id.* at ¶ 9). These charges were later dropped. (*Id.*). Brown asked Defendant to reimburse him for the costs he incurred from this arrest, but Defendant refused to do so. (*Id.*).

On November 24, 2015, Brown filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 12). Chau called Brown into a meeting on December 28, 2015 and aggressively questioned Brown about the November 24, 2015 charge of discrimination. (*Id.* at ¶ 13). On January 13, 2016, a co-worker informed Brown that Chau and the General Manager of Ramada Birmingham were asking employees to make false allegations of misconduct against him. (*Id.* at ¶ 14). January 13, 2016 was Brown's regularly scheduled off-day. (*Id.*). When Brown returned to work on January 14, 2016, Defendant informed Brown that he was being discharged for not attending work on January 13, 2016. (*Id* at ¶ 15).

On September 28, 2017, Brown filed this action against Defendant. (Doc. # 1). The complaint alleges race discrimination in violation of 42 U.S.C. § 1981 (Count I) and retaliation in violation of 42 U.S.C. § 1981 (Count II). (*Id.*). It also includes a jury demand. (*Id.*).

Service by certified mail was requested pursuant to Federal Rule of Civil Procedure 4(e)(1) and Alabama Rule of Civil Procedure 4(i)(2). (Doc. # 4). On December 20, 2017, the Clerk of Court sent a copy of the summons and complaint to Defendant. (Doc. # 5). The summons was returned executed on December 22, 2017. (Doc. # 6). On January 22, 2018, Plaintiff filed a Motion for Entry of Default, and the Clerk of Court issued an Entry of Default as

to Defendant the same day. (Docs. # 8, 9). On March 8, 2018, Plaintiff filed the instant Motion for Default Final Judgment. (Doc. # 12).

## II.   ANALYSIS

In accordance with Rule 55 of the Federal Rules of Civil Procedure, a court may enter a default judgment against a party who has failed to plead or otherwise defend. However, the court has discretion to determine if entry of a default judgment is appropriate. *See Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir.1985). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Plaintiff seeks a default judgment against Defendant for (1) race discrimination and (2) retaliation. (Doc. # 1). The court explores whether the facts pled in Plaintiff's complaint support each of these claims, in turn.

### A.   Plaintiff's Complaint Supports a Race Discrimination Claim

"To state a claim of race discrimination under § 1981, plaintiffs must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004). Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 459-60 (1975). Here, Plaintiff alleges that he "has been discriminated against and treated differently than similarly situated Caucasian employees solely because of his race, African-American, in violation of 42 U.S.C. § 1981" and that "[t]his treatment by the Defendant has affected the terms and conditions of Plaintiff's employment." (Doc. # 1 at ¶ 18). The court finds that the facts pled

in Plaintiff's complaint support a finding that Defendant is liable for race discrimination in violation of § 1981.

### B. Plaintiff's Complaint Supports a Retaliation Claim

To establish his § 1981 retaliation claims, Plaintiff must show: (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is a causal connection between the two events. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008). Filing an EEOC charge of discrimination is a statutorily protected activity. *See Allen v. S. Commc'ns Servs., Inc.*, 963 F. Supp. 2d 1242, 1250 (N.D. Ala. 2013). Additionally, termination from employment is considered an adverse employment action. *See Pears v. Mobile Cty.*, 645 F. Supp. 2d 1062, 1094 (S.D. Ala. 2009). Here, Plaintiff alleges that Defendant retaliated against him by terminating him because he filed an EEOC charge of discrimination. (Doc. # 1 at ¶ 16). These facts adequately support a retaliation claim under § 1981. *See Allen*, 963 F. Supp. 2d at 1250; *Pears*, 645 F. Supp. 2d at 1094. Accordingly, the court finds that Defendant is liable for Plaintiff's retaliation claim.

### C. Plaintiff Is Entitled to a Jury Trial on Damages

Once liability is established, a final judgment may be entered by the court[2] without a hearing if the claim "is for a sum certain or a sum that can be made by computation." Fed. R. Civ. P. 55(b)(1); *see United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If the amount claimed is not a liquidated sum or one capable of mathematical calculation, a judgment awarding cash damages cannot be properly entered without a hearing. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). When a plaintiff demands a jury trial in his complaint, the defendant is entitled to a jury trial on

---

[2] Rule 55(b) permits the Clerk of Court to enter default when the party against whom judgment is sought has failed to plead or otherwise defend. In this district, however, it is the practice of the judges to reserve all decisions about entry of default judgment to the discretion of the particular judge to which a case is assigned.

4

unliquidated damages. *See Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328, 1336 (M.D. Fla. 2010), *on reconsideration in part* (Feb. 16, 2010); *White v. Lakeside Prop. Mgmt., LLC*, No. 4:11-cv-3489-VEH, 2012 WL 5426490, at *3 (N.D. Ala. Nov. 1, 2012). A plaintiff's jury demand can only be withdrawn with the consent of all of the parties. *See* Fed. R. Civ. P. 38(d); *see also Loos*, 684 F. Supp. 2d at 1336 ("[A] demand for a jury trial may not be withdrawn without the consent of the parties and any waiver of the right to a jury trial must be manifested by affirmative action such as 'a specific waiver in writing or by announcement in open court.'").

In this case, Plaintiff requested a jury trial in his complaint. (Doc. # 1). Following the Clerk's Entry of Default as to Defendant (Doc. # 9), Plaintiff has requested a hearing to determine damages in this case. (Doc. # 12). Because Plaintiff's requested damages are not for a sum certain and are not capable of mathematical calculation and because Plaintiff requested a jury trial in his complaint, this case will be set for a jury trial as to damages only. *See White*, 2012 WL 5426490, at *3.

## III. CONCLUSION

For the reasons explained above, Plaintiff's Motion for Default Final Judgment and Request for a Hearing to Determine Damages (Doc. # 12) are due to be granted in part. The court finds that Defendant is liable to Plaintiff for (1) race discrimination and (2) retaliation in violation of 42 U.S.C. § 1981. The court will set a jury trial for this case on the issue of damages. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 3, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE